IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

| | | |
|---|---|---|
| **LAYNE LEVENS,** | § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | |
| **JEFF LOVE, Individually** **And d/b/a Affliction Airboats;** | § § § | C. A. Number _____ |
| **JAMEE OSTEEN LOVE, Individually** **And d/b/a Affliction Airboats;** | § § | |
| **HEATHER TODD, Individually** **And d/b/a Affliction Airboats;** | § § | |
| **AFFLICTION AIRBOATS OF FLORIDA, INC.;** | § | |
| **AND** | § | |
| **JEFF LOVE AFFLICTION AIRBOATS LLC,** | § § § | |
| *Defendants*. | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff **Layne Levens** files **PLAINTIFF'S ORIGINAL COMPLAINT** complaining of Defendants (1) **Jeff Love, Individually And d/b/a Affliction Airboats**; (2) **Jamie Osteen Love, Individually And d/b/a Affliction Airboats**; (3) **Heather Todd, Individually And d/b/a Affliction Airboats**; (4) **Affliction Airboats of Florida, Inc.**; and (5) **Jeff Love Affliction Airboats LLC**, and would show this Honorable Court the following:

# A.

# PARTIES

1. Plaintiff **Layne Levens** is a citizen of the State of Texas.

2. Defendant **Jeff Love, Individually And d/b/a Affliction Airboats** is an individual doing business as **Affliction Airboats** and is a citizen of the State of Florida who has purposely availed himself of the benefits and protection of the laws of the State of Texas by establishing minimum contacts within the state. He may be served with service of process at his domicile as follows:

> **Jeff Love, Individually And d/b/a Affliction Airboats**
> **3183 Maltby Dr.**
> **Deltona, Florida 32738**.

3. Defendant **Jamee Osteen Love, Individually and d/b/a Affliction Airboats** is an individual doing business as **Affliction Airboats** and is a citizen of the State of Florida who has purposely availed herself of the benefits and protection of the laws of the State of Texas by establishing minimum contacts within the state. She may be served with service of process at her domicile as follows:

> **Jamee Osteen Love, Individually And d/b/a Affliction Airboats**
> **3183 Maltby Dr.**
> **Deltona, Florida 32738**.

4. Defendant **Heather Todd, Individually And d/b/a Affliction Airboats** is an individual doing business as **Affliction Airboats** and is a citizen of the State of Florida who has purposely availed herself of the benefits and protection of the laws of the State of Texas by establishing minimum contacts within the state. She may be served with service of process at her place of employment as follows:

> **Heather Todd, Individually And d/b/a Affliction Airboats**
> **680 North State Road 415**
> **Osteen, Florida  32764**.

5. Defendant **Affliction Airboats of Florida Inc.** is a corporation that is incorporated under the laws of the State of Florida.  Defendant has its principal place of business in the State of Florida.  Defendant does not have a registered agent for service of process in the State of Texas.  Defendant has minimum contacts with the State of Texas.  Pursuant to the TEXAS LONG ARM STATUTE, TEX. CIV. PRAC. & REM. CODE, § § 17.041, 17.042 AND 17.043, service of process on Defendant may be made according to the laws of the State of Texas by serving its designated registered agent for service of process in Florida as follows:

> **Jamee Osteen Love**
> **REGISTERED AGENT**
> **AFFLICTION AIRBOATS OF FLORIDA INC.**
> **680 North State Road 415**
> **Osteen, Florida  32764.**

6. Defendant, **Jeff Love Affliction Airboats LLC** is a corporation that is incorporated under the laws of the State of Florida in 2013 and believed to be dissolved for failure to file franchise report.  Defendant has its principal place of business in the State of Florida.  Defendant does not have a registered agent for service of process in the State of Texas.  Defendant has minimum contacts with the State of Texas.  Pursuant to the TEXAS LONG ARM STATUTE, TEX. CIV. PRAC. & REM. CODE, § § 17.041, 17.042 AND 17.043, service of process on Defendant may be made according to the laws of the State of Texas by serving its designated registered agent for service of process in Florida as follows:

**Jeff Love
REGISTERED AGENT
JEFF LOVE AFFLICTION AIRBOATS LLC
3183 Maltby Dr.
Deltona, Florida  32738**.

### B.

### JURISDICTION

7. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendants are citizens of different states within the United States of America, and the amount in controversy exceeds Seventy-five Thousand and no/100ths ($75,000.00) Dollars, excluding interest and costs.

### C.

### PERSONAL SPECIFIC JURISDICTION FACTUAL ALLEGATIONS

8. The Court has specific personal jurisdiction over Defendants in this case in that the minimum contacts with the State of Texas relate directly to this cause of action.  Defendants purposefully availed themselves to Texas in that they advertised in Texas *via* the Internet.  Further, Defendants and their agents contracted with Plaintiff in the State of Texas, contacted Plaintiff with requests for payment and provided payment information in the State of Texas.  Payment was made in the State of Texas, and Defendants specifically contracted and agreed to personally deliver and provide use instructions for the contracted goods in the State of Texas and the Southern District of Texas, Cameron County.  Further Defendant on information and belief has made similar contacts with other customers within the State of Texas.

D.

**VENUE**

9.     Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in the Southern District of Texas, Brownsville Division.

E.

**CONDITIONS PRECEDENT**

10.    All conditions precedent have been performed by Plaintiff or have occurred as required of Plaintiff by the contract between Plaintiff and Defendants. Plaintiff paid the purchase price in full.

F.

**FACTUAL ALLEGATIONS**

11.    In early 2016, Plaintiff **Layne Levens** decided to expand his guide service business by adding a new airboat to his existing airboat, which included contracting with a new captain and booking more trips for the 2016-2017 seasons.  He began by inquiring with other captains, consulting publications, boat builders and the Internet to find who he thought would be the best company to build his Airboat.  In February 2016, Plaintiff responded to an Internet website/advertisement and gave his contact information to **Jeff Love** and **Jamee Osteen Love** regarding a request for information on their company and to eventually have an airboat constructed.

12.    Plaintiff was then contacted in Texas *via* email and telephone, and an estimate was drafted and provided to him in Texas.  After discussions, emails and estimate draft review, a final estimate for building the boat was accepted by both

parties. The final contract provided for **payment and delivery in the State of Texas** as advertised on the company's website and represented by the individual Defendants. The contract purchase amount was Fifty-five Thousand Two Hundred Ninety-nine and 34/100ths ($55,299.34) Dollars. Plaintiff was then contacted by the Defendants and, at the direction of **Jamee Osteen Love**, a Fifty (50%) Percent initial down payment was invoiced and sent Plaintiff in Texas. This was followed by contact from **Heather Todd** who provided payment instructions requesting that Plaintiff deposit the amount of Thirty Thousand and no/100ths ($30,000.00) Dollars into a Wells Fargo Account on February 17, 2016. The boat was to be delivered May 1, 2016.

**13.** Thereafter, Defendants sent invoices to Plaintiff in the State of Texas. The remaining balance was invoiced in three installments. Plaintiff deposited the invoice amounts to the Wells Fargo account designated by Defendants. Each invoice was paid in full by check from Plaintiff's personal Wells Fargo Bank account on March 9, 2016; April 18, 2016; and May 21, 2016, respectively. The total amount for the airboat, Fifty-five Thousand Two Hundred Ninety-nine and 34/100ths ($55,299.34) Dollars, was paid in full by Plaintiff, completing his part of the contract. The boat was not delivered on May 1, 2016, and Defendants then represented it would be delivered at the end of May 2016.

**14.** Thereafter began a series of misrepresentations as to when the boat would be completed and delivered. **Heather Todd** represented it would be delivered at the beginning of June 2016. When June turned to July, **Jeff Love** represented that it was already built and that they had only a few things left to finish on the boat. He stated it would be delivered "soon". **Heather Todd** emailed that they were just waiting for the

"wrap". Further, my client was told that the titles were processed and being mailed to him in Texas so that he could comply with appropriate rules concerning his guide and outfitter business. None of these events or actions occurred.

15. Plaintiff was then assured by Defendants that the airboat would be delivered by August 2016. Plaintiff notified **Jeff Love** and **Jamee Osteen Love** that he had a charter for the APF fishing tournament on August 18, 2016. In response, they represented the boat would be there before the tournament; it was not, and Plaintiff lost his Two Thousand and no/100ths ($2,000.00) Dollars in charter fees.

16. Plaintiff then called and talked directly to **Jeff Love** d/b/a Affliction Airboats who now assured him the boat would be delivered by October 2016 and informed Plaintiff that he could rely on that delivery date in booking his guide service clients for the upcoming waterfowl season. Counting on the representations of Defendants and **Jeff Love**, individually and d/b/a Affliction Airboats, Plaintiff began booking hunts for the upcoming waterfowl season and lined up a captain to run the boat. These bookings are documented with calendar book entries and evidence a loss of over Twenty Thousand and no/100ths ($20,000.00) Dollars in bookings. Defendants' actions resulted in tremendous damage to Plaintiff's reputation as a guide and outfitter. To-date, the boat has never been delivered. Defendants have refused to return calls and did not respond to Plaintiff's TEXAS DECEPTIVE TRADE PRACTICES ACT statutory notice letters offering resolution to this matter.

17. Throughout Plaintiff's dealings with Defendants, Defendants represented themselves using various names and entities including **Jeff and Jamee Love d/b/a**

**Affliction Airboats**; Heather Todd, individually and **d/b/a Affliction Airboats; s well as Jeff Love Affliction Airboats LLC**, and **Affliction Airboats of Florida Inc.**

18. Defendants' actions have breached the contract and violated the TEXAS DECEPTIVE TRADE PRACTICES ACT. Defendants' concerted efforts at misrepresenting the status of the delivery date and their representations of delivery to induce payment, while not delivering, evidence an obvious intent to never deliver the boat and amount to a civil conspiracy to commit fraud and DECEPTIVE TRADE ACT violations. All of these have proximately caused Plaintiff damage as set forth herein.

### G.

### COUNT 1

### BREACH OF CONTRACT

19. On or about February 15, 2016, Plaintiff and Defendants entered into a written contract when Plaintiff accepted Defendants' estimate and paid a Fifty (50%) Percent deposit contract. The contract provided that Plaintiff would pay a Fifty (50%) Percent deposit and pay the balance in three monthly payments. Defendants would construct and then deliver in Cameron County, Texas an airboat as specified in the written estimate. Defendants further agreed to deliver the airboat by March 1, 2016. Plaintiff has performed his obligations under the contract by paying the contracted price in full. Defendants, however, have not performed their contractual obligations. Specifically, Defendants have neither delivered the airboat as set forth in the estimate nor provided title. Defendants' non-performance is a breach of the parties' contract.

## H.

## CONTRACT DAMAGES

20. As a direct and proximate result of Defendants' breach, Plaintiff has suffered the following damages:

  A. The amount that Plaintiff paid under the terms of the contract;

  B. Reasonable expenses in reliance upon Defendants' performance of the contract; and

  C. Loss of net profits in lost bookings for guide services.

## I.

## ATTORNEY FEES

21. As a result of Defendants' breach, Plaintiff retained an attorney and seeks reimbursement for his reasonable attorney fees, as authorized by Texas law for breach of contract claims.

## J.

## COUNT 2

## TEXAS DECEPTIVE TRADE PRACTICES ACT CLAIM

22. Plaintiff is a consumer under the DTPA because Plaintiff is an individual who sought goods by purchase.

23. Defendants are individuals, sole proprietors and corporations that can be sued under the DTPA.

24. Defendants violated the DTPA when Defendants:

  A. <u>Engaged in false, misleading or deceptive acts or practices that Plaintiff relied on to Plaintiff's detriment</u>. Specifically, Defendants agreed to build Plaintiff an airboat as set forth in

their contract. Defendants demanded and accepted full payment, but failed to deliver the airboat and title, thereby breaching their agreements;

B. <u>Breached an express warranty</u>. Specifically, Defendants breached warranties that they would deliver the airboat on or before May 1, 2016 and then subsequently made express warranties throughout Year 2016 that they would deliver the airboat on subsequent dates; and

C. <u>Engaged in an unconscionable action or course of action that, to Plaintiff's detriment, took advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree</u>. Specifically, Defendants demanded payment in full prior to the airboat being delivered when they had no intention to deliver the airboat and, in fact, had not manufactured the airboat. The consistent express warranties and promises caused Plaintiff to his financial detriment to book guide trips that he otherwise could have booked on other boats.

25. Plaintiff gave Defendants notice as required by TEXAS BUSINESS & COMMERCE CODE, Section 17.505(a). Attached as "**EXHIBIT A**" is a copy of the notice letter sent to Defendants, which is incorporated by reference.

26. Defendants' wrongful conduct was a producing cause of Plaintiff's injury, which resulted in the following damages:

A. Loss of purchase price;

B. Loss of guide revenue and booking fees; and

C. Damage to reputation.

27. Plaintiff seeks recovery of unliquidated damages that are within the jurisdictional limits of this Court.

**28.** <u>Mental-Anguish Damages</u>. Defendants acted knowingly and intentionally which entitles Plaintiff to recover mental-anguish damages under TEXAS BUSINESS & COMMERCE CODE, Section 17.50(b)(1).

**29.** <u>Additional Damages</u>. Defendants acted knowingly, which entitles Plaintiff to recover treble economic damages under TEXAS BUSINESS & COMMERCE CODE, Section 17.50(b)(1).

**30.** <u>Attorney Fees</u>. Plaintiff is entitled to recover reasonable and necessary attorney fees for prosecuting this suit under TEXAS BUSINESS & COMMERCE CODE, Section 17.50(d).

**K.**

**COUNT 3**

**COMMON-LAW FRAUD**

**31.** Defendants represented to Plaintiff that in exchange for money they would build and personally deliver to Cameron County, Texas an airboat as specified in their contractual agreement, but Defendants did not deliver the boat and had no intention to deliver the boat.

**32.** Defendants, with the intent to defraud Plaintiff, represented on several occasions that the airboat had been built and that it would be delivered on several dates. In fact the Airboat was no built and the delivery never occurred.

**33.** Defendants' representation to Plaintiff was material because it caused Plaintiff to pay Defendants the entire purchase price of the airboat as well as causing him to rely on delivery date when booking trips through his guide service.

**34.** Defendants' representation to Plaintiff was a false statement of fact.

35. Defendants' representation to Plaintiff was a false promise of future performance.

36. Defendants' conduct amounted to a false representation to Plaintiff.

37. Defendants made the false representations knowing that they were false; that the airboat had not been built; and that they had no intention in doing so, but rather made the representations so that Plaintiff would send the full purchase price.

38. Defendants intended Plaintiff to rely on and had every reason to believe that he would rely on the false representations.

39. Plaintiff justifiably relied on Defendants' false representation when Plaintiff paid the purchase price for the airboat and booked trips for the boat under his guide service.

40. Defendants' false representation directly and proximately caused injury to Plaintiff, which resulted in the following damages:

    A. Loss of purchase price;

    B. Loss of guide revenue and booking fees; and

    C. Damage to reputation.

41. Plaintiff seeks unliquidated damages within the jurisdictional limits of this Court.

42. <u>Exemplary Damages</u>. Plaintiff's injury resulted from Defendants' actual fraud or malice, which entitles Plaintiff to exemplary damages under TEXAS CIVIL PRACTICE & REMEDIES CODE, Section 41.003(a).

**L.**

## COUNT 4

## PARTICIPATORY LIABILITY-CONSPIRACY

43. Defendants (1) **Jeff Love, Individually and d/b/a Affliction Airboats**; (2) **Jamie Osteen Love, Individually and d/b/a Affliction Airboats**; (3) **Heather Todd, Individually and d/b/a Affliction Airboats**; (4) **Affliction Airboats of Florida, Inc.**; and (5) **Jeff Love Affliction Airboats LLC** agreed to:

> **A.** Induce Plaintiff to send in the full purchase price by a series of misrepresentations and written contracts with no intention of delivering the airboat and in turn to defraud Plaintiff; and
>
> **B.** Defendants in effect stole Plaintiff's money by unlawful means as set forth in Count Numbers 1, 2, 3 and 4.

44. Defendants (1) **Jeff Love, Individually and d/b/a Affliction Airboats**; (2) **Jamie Osteen Love, Individually and d/b/a Affliction Airboats**; (3) **Heather Todd, Individually and d/b/a Affliction Airboats**; (4) **Affliction Airboats of Florida, Inc.**; and (5) **Jeff Love Affliction Airboats LLC** acted with the intent to harm Plaintiff.

45. To accomplish the object of their agreement, Defendants (1) **Jeff Love, Individually And d/b/a Affliction Airboats**; (2) **Jamie Osteen Love, Individually And d/b/a Affliction Airboats**; (3) **Heather Todd, Individually And d/b/a Affliction Airboats**; (4) **Affliction Airboats of Florida, Inc.**; and (5) **Jeff Love Affliction Airboats LLC** agreed to make knowingly false misrepresentations to Plaintiff about their intent to build the airboat, the status of the building of the airboat and the delivery of the

airboat to induce Plaintiff into paying the full purchase price of the airboat prior to delivery of the airboat and with the intent to defraud Plaintiff.

**46.** The agreement to make knowingly false misrepresentations about their intent to build the airboat, the status of the building of the airboat and the delivery of the airboat proximately caused injury to Plaintiff.

**M.**

**PRAYER**

**47.** WHEREFORE, Plaintiff **Layne Levens** for the above reasons prays for judgment against Defendants as follows:

- **A.** Actual damages and loss of profits in the amount of Seventy-five Thousand Two Hundred Ninety-nine and 34/100ths ($75,299.34) Dollars;

- **B.** Pre-judgment and post-judgment interest;

- **C.** Reasonable attorney fees;

- **D.** Punitive damages in the amount of One Hundred Thousand and no/100ths ($100,000.00) Dollars;

- **E.** Treble damages under the TEXAS DECEPTIVE TRADE PRACTICES ACT in the amount of Two Hundred Twenty-five Thousand Eight Hundred Ninety-eight and 02/100ths ($225,898.02) Dollars;

- **F.** Mental Anguish Damages under the TEXAS DECEPTIVE TRADE PRACTICES ACT in the amount of One Hundred Thousand and no/100ths ($100,000.00) Dollars;

- **G.** Costs of suit; and

- **H.** All other relief the Court deems appropriate.

Respectfully submitted,

**COUNSEL FOR PLAINTIFF,
LAYNE LEVENS:**

**LAW OFFICE OF CARY M TOLAND PC**
855 East Harrison Street
Brownsville, Texas  78520
Telephone:  (956) 544-4607
Fax:  (956) 541-2117
E-Mail Address:  cary@carytolandlaw.com

by:   /s/Cary M. Toland
        Cary M. Toland, Attorney-in-charge
        State Bar of Texas No. 00785112
        Federal I. D. No. 17558